**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DeLite Outdoor Advertising, Inc.,
and McCullough Companies,

Plaintiffs-
Petitioners,

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-0065 ADM/AJB

v.

City of St. Paul,

Defendant-
Respondent.

---

Gary Van Cleve, Esq., Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, Minnesota, appeared for and on behalf of the Plaintiffs.

Peter Mikhail, Esq., Assistant City Attorney, St. Paul, Minnesota, appeared for and on behalf of the Defendant.

---

## INTRODUCTION

On March 6, 2001, the undersigned United States District Judge heard Plaintiffs DeLite Outdoor Advertising, Inc. and McCullough Companies' ("Plaintiffs") Motion for Preliminary Injunction [Doc. No. 5] to stay an administrative enforcement action commenced by Defendant City of St. Paul ("the City"). In the instant case, Plaintiffs allege claims for mandamus, injunctive relief, declaratory relief, and denial of equal protection. For the reasons set forth below, Plaintiffs' motion is denied.

MAR 0 9 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## BACKGROUND

Plaintiffs own a billboard advertising sign located at I-94 and Vandalia Street ("Vandalia Sign"). Since Plaintiffs' purchase of the sign in 1994, the City has claimed that the Vandalia Sign was not in compliance with height requirements in the City's code. On October 8, 1999, Plaintiffs submitted an application to the City requesting a variance with regard to the Vandalia Sign. Plaintiffs allege that the City failed to adopt a resolution denying the variance request within 60 days after submission of the application. Plaintiffs seek declaratory and mandamus relief on the grounds that Minn. Stat. § 15.99 requires municipalities to act on variance applications within 60 days of receipt of such requests.

On January 3, 2001, the City served a Notice of Administrative Hearing upon counsel for Plaintiffs. The Notice states that the City intends to present evidence to an administrative law judge ("ALJ") "which may lead to adverse action against [Plaintiffs'] sign contractor's license." Van Cleve Aff., Ex. A at 2. The Notice explains that the Vandalia Sign is in violation of the initial permit issued for the site and municipal ordinances limiting the height of advertising signs. *Id.* The Notice further states that the City advised Plaintiffs of the violation and ordered the sign to be removed in July, 1999 and again in March, 2000. *Id.* Finally, the Notice informs that following the hearing, the ALJ will prepare findings of fact, conclusions of law, and a specific recommendation for action to be taken by the City Council. *Id.* at 3.

## DISCUSSION

As an initial matter, it must be determined whether subject matter jurisdiction exists. Plaintiffs allege original subject matter jurisdiction based on the equal protection claim, which arises under the Fourteenth Amendment of the U.S. Constitution. Plaintiffs then aver supplemental jurisdiction over their state law claims. *See* 28 U.S.C. § 1367(a). Therefore, subject matter jurisdiction in this case subsists on Plaintiffs' equal protection claim.[1]

Because no fundamental right or suspect class is at issue, Plaintiffs' equal protection claim is analyzed under the rational basis test. *See Bannum, Inc. v. City of St. Charles*, 2 F.3d 267, 271 (8th Cir. 1993). The City's rezoning of the Xcel Energy Center to allow affixing outdoor advertising signs to capture revenue will be upheld if the amended ordinance "bears a rational relation to a legitimate government objective." *Id.* A court must not overturn an ordinance "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [City's] actions were irrational." *Vance v. Bradley*, 440 U.S. 93, 97 (1979). Plaintiffs have failed to show that they are similarly situated with persons who have been treated differently by the City and the City had no rational basis for the dissimilar treatment. *See More v. Farrier*, 984

[1] The Eighth Circuit has cautioned that federal courts should "exercise judicial restraint and avoid state law issues wherever possible." *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000) (citing *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990)). If the claim giving original jurisdiction is dismissed early in the action, "before any substantial preparation has gone into the dependent claims, dismissing or remanding the [state law claims] upon declining supplemental jurisdiction seems fair enough." 28 U.S.C.A. § 1367 cmt. at 835 (1993). "[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity." *ACLU v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (internal quotations omitted).

F.2d 269, 271 (8th Cir. 1993). Although Plaintiffs' equal protection claim is tenuous, its existence is sufficient to confer subject matter jurisdiction at this time.

A district court has broad discretion when ruling on requests for preliminary injunctions. *See United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998) (citation omitted); *Entergy, Ark., Inc.. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 1999). The relevant factors for consideration of a motion for a preliminary injunction are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest." *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993) (citing *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). Plaintiffs bear the burden of proof on all four factors. *See Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

The failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction, because "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)); *accord Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (addressing only the irreparable harm factor); *Gelco Corp.*, 811 F.2d at 418. Plaintiffs have failed to establish that they will suffer irreparable harm or that they lack an adequate remedy at law.[2]

---

[2] Ripeness considerations also undermine Plaintiffs' claims of the threat of irreparable harm. *See Pacific Gas and Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n.*, 461 U.S. 190, 200-01 (1983).

Plaintiffs have failed to demonstrate how they will suffer any harm resulting from the pending administrative proceeding. The ALJ is authorized to submit to the City Council written findings of fact, conclusions of law, and a recommendation for adverse action. *See* St. Paul Legislative Code, § 310.05(c-1). This recommendation is not binding. *See id.* § 310.05(c-1) ("The council may accept, reject or modify the findings, conclusions and recommendations of the hearing examiner."). Because the ALJ's recommendation is not binding on the City Council, no irreparable harm can result from the proceeding before the ALJ.

The City Council, not the ALJ, possesses the authority to take an adverse action against Plaintiffs. *See id.* § 310.06 ("The council is authorized to take adverse action . . ."). It is speculative to consider what "adverse action" the City Council might eventually determine in the face of many options. Under the City's code, adverse action includes "the revocation or suspension of a license, the imposition of conditions upon a license, the denial of an application for the grant, issuance or renewal of a license, the imposition of a fine, the assessment of the costs of a contested hearing, and any other disciplinary or unfavorable action taken with respect to a license, licensee or applicant for a license." *Id.* § 310.01. Because it is unknown what action the City Council will take, Plaintiffs have failed to meet their burden of demonstrating the threat of irreparable harm.

Assuming the City Council does take an adverse action *and* that adverse action is not a fine or other disciplinary action but the revocation or suspension of Plaintiffs' license, Plaintiffs have an adequate legal remedy. Plaintiffs could appeal the decision to the Minnesota Court of Appeals and seek review of their statutory arguments under Minn. Stat. § 15.99. Judicial review

of an administrative agency decision is available through a writ of certiorari from a Minnesota appellate court. *See Naegele v. Minneapolis Cmty. Dev. Agency*, 551 N.W.2d 235, 236-37 (Minn. Ct. App. 1996); *Micius v. St. Paul City Council*, 524 N.W.2d 521, 522-23 (Minn. Ct. App. 1994) (noting the Minnesota Court of Appeals' jurisdiction to review quasi-judicial acts such as licensing determinations). The Court of Appeals may decide to stay the adverse action and address Plaintiffs' state law arguments. *See* Minn. R. App. P. 108.01, subd. 6. In short, Plaintiffs have not shown a threat of irreparable harm.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction [Doc. No. 5] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2001